UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

PATRICIA AND GLENN TARVER        CIVIL ACTION 3-04-2036

VERSUS                           U.S. DISTRICT JUDGE ROBERT G. JAMES

WYETH, INC., et al               U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is Defendant Wyeth, Inc.'s (Wyeth) motion for judgment on the pleadings, Doc. # 69 referred to me by the district judge.

Facts

Wyeth developed and sold Metoclopramide, a pharmaceutical product used to treat, among other things, gastroesophageal reflux under the brand name Reglan. Plaintiff, Patricia Tarver, claims damages for ingestion of Metoclopramide but admits that she only ingested the generic version of the drug, not Reglan, manufactured by defendant Wyeth. Plaintiffs seek to impose liability on Wyeth not only for manufacturing the product used by plaintiff, Patricia Tarver but also for failing to warn users of the generic version manufactured by other companies of the drug's dangers. Specifically, plaintiffs argue that, as the brand-name producer of the drug, Wyeth had a duty to warn all users of the drug, including users of its generic competitors' products, of the drug's dangers. Wyeth argues that such an action is precluded by the provisions of the Louisiana Products Liability Act (LPLA).

1

Plaintiff alleges she took generic Metoclopramide from 1998 to 2003 for gastroesophageal reflux disease pursuant to prescriptions from two medical doctors. As a result she alleges that she developed tardive dyskinesia, a movement disorder which affects the muscles and is caused by certain drugs. She claims that the package insert fails to warn doctors and patients of the significant risks associated with taking the drug for longer than twelve weeks, although it was, she asserts, well known to the companies who made or sold the drug that the drug may cause difficulties when so used.

Motion for Judgment on the Pleadings

Because an answer was filed, defendant, Wyeth, has properly raised the defense of failure to state a claim upon which relief can be granted by motion for judgment on the pleadings under Rule 12(c).

The motion for judgment on the pleadings is governed by the same standard as the 12(b)(6) motion to dismiss. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the

complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

## Analysis

In Louisiana, the LPLA provides the exclusive theories of liability of manufacturers for damage caused by their products. La. R.S. 9:2800.52. A claimant may not recover on the basis of any theory not set forth in the LPLA. Jefferson v. Lead Indus. Assoc., Inc. 106 F.3d 1245, 1250-51 (5th Cir. 1997). To maintain an action under any of the theories, a plaintiff must establish that the defendant is the manufacturer of the product. Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 260-261 (5th Cir. 2002).

Here, plaintiff attempts to hold liable a company even if it did not manufacture the product by asserting that it had a duty to warn of the product's dangers. Plaintiffs argue that generic manufacturers "have taken the position" in past litigation, that they are prohibited by the Food and Drug Administration (FDA) from changing the warnings created by the brand-name manufacturer. They argue that, if that is so, there would be no liability against the generic

3

manufacturer for failure to warn and, if liability is not imposed on the brand-name manufacturer, an injured plaintiff would have no recourse.

First, if the generic manufacturers have taken that position, it is not clear to the court that they are correct, for 21 CFR 314.94(a)(8) expressly provides for changing the labeling, with certain limitations. However, the court need not and does not decide that issue now, without the benefit of thorough briefs by the parties on that issue. However, even if plaintiff is without a remedy, that is an issue for the FDA or, in this case, the Louisiana legislature, not the courts. The law is clear that Louisiana imposes on a manufacturer no duty to warn of the dangers of another company's product. Fricke v. Owens-Corning Fiberglass Corp., 618 So.2d 473 (LaApp 1993); Roberts v. Bioplastics, 93-2967, 2000 WL 34487072 (E.D. La., 2000). The fact that the defendant here is a pharmaceutical manufacturer subject to government regulations, as plaintiff argues distinguishes this case, is irrelevant.

Plaintiffs' claims are all subject to the LPLA and its exclusive theories of liability. Therefore, plaintiffs' claims against Wyeth for negligent misrepresentation/failure to warn should be dismissed. Plaintiffs' claims against Wyeth as one of the alleged manufacturers of the drug, survive the motion.

For the foregoing reasons, IT IS RECOMMENDED that Wyeth's motion for partial judgment on the pleadings be GRANTED and plaintiffs' claims against Wyeth be dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 28th day of December 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE